UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO, CALIFORNIA

COY PHELPS  )
   Petitioner ) Case No. CV-08-0103-MHP
 )
-v- ) MOTION FOR RECUSAL
 )
UNITED STATES OF AMERICA )
   Respondents )
 ( Date: /15/2008

Pursuant to 28 USC §144 and 28 USC §455, the above petitioner moves for the recusal of U.S. District Court Judge Marilyn Hall Patel on the ground that the proceedings cannot be a fair and impartial tribunal because of the judge's bias, prejudice, unfairness, and deep seated antagonism toward the petitioner, his religion, and his religious beliefs, political views, philosophical ideologies, and his race( the judge is not white and the Petitioner is; the judge is not Christian, the Petitioner is.)

   The standards for recusal has been established by the U.S. Supreme Court in the cases of <u>Liteky</u> v <u>United States</u>, 1994, 510 US 540, 127 LEd2d 474, 114 SCt 1147 citing <u>Liljeberg</u> v <u>Health Services Acquisition</u> Corporation, 1988, 488 US 847, 100 LEd2d 855, 108 SCt 2194 and has been accepted by the ninth circuit U.S. COurt of Appeals.

   Motions for recusal are governed by the due process clause of the Constitution <u>and</u> the sixth Amendment which require a fair and impartial decisionmaker (<u>Vargas - Hernandez</u>, 9C2007, 497 F3d 919 at 925) and when the decision maker has a personal bias (as opposed to a judicial bias) that is so pervasive that the judicial conduct exhibits a bias against a litigant( <u>Davis</u> v <u>Board of School Commissioners</u>, 5C1975, 517 F2d 1044), or when the behavior of the judge is so extreme that such behavior displays a clear inability to render a fair judgment (<u>Rollins</u> v <u>Massanati</u>, 9C2001, 261 F3d 853 at 858 citing <u>Liteky</u>, 510 US at 531) then recusal is required.

   The standard is whether a reasonable person, knowing all of the facts, would conclude that the impartiality of the judge might reasonably be questioned( <u>Pesnell</u> v <u>Arsenault</u>, 9C2007, 490 F3d 1158 at 1164; <u>Craten</u> v <u>Galexe</u>, 9C2007, 491 F3d 1119 at 1131) and

when that partiality is evident, then recusal is required (San Paulo v Am Lab Co, 2002, 535 US 229 at 232-233 citing Liljeberg, 488 US at 853.)

Due Process demands more than that the judge be impartial and fair, rather, justice must satisfy the appearance of justice ( In Re Murchinson, 1954, 349 US 133 at 136; Offut v US, 1954, 348 US 11 at 14; Microsoft Corp v NY, 530 US 1301 citing Liteky, 510 US at 548 ) so that the mere appearance of bias or partiality requires recusal.

The appearance of unfairness, bias, or partiality can be adduced from the judge's (1) direct personal pecuniary interest, or (2) when the judge is embroiled in a running battle or controversy with the litigant, or (3) when the judge acts as an advocate or part of the accusatory process that causes a legal injury( In Re Murchinson, 1954, 349 US 133 at 137.)

A legal injury is a violation of a constitutional right ( Smith Intern Inc v Egleg LLC, 5C2007, 490 F3d 380 at 387.)

Under §455 a judge must recuse if the judge has personal knowledge of the disputed evidentiary facts concerning the proceedings prior to the proceedings. It is not necessary that the judge even be aware of the unfairness, bias, or prejudice in the case. What matters is whether another reasonable person, knowing the facts, would clearly see that the decision of the judge was clearly erroneous (In Re Focus Media, 9C2004, 378 F3d 916 at 929.)

There must be an independent examination of the facts and circumstance of the perticular claim at issue and not just compare the case to other similiar situations( US v Bremers, 5C1999, 195 F3d 221 at 226; Clemes v USDC for the Central District of California, 9C2005, 428 F3d 1175.)

The Liteky court did not hold that the bias, prejudice, unfairness, partiality, or predisposition to such MUST be derived from an extrajudicial source ( outside the court proceedings) but rather, the bias and prejudice, opinion, rulings, and decisions that reflect unfair, wrongful, and inappropriate decisions could be derived from intrajudicial proceedings( inside the court proceedings based upon what the judge has learned from observations or from what is submitted into evidence) that would

make a fair judgment impossible( Liteky, 127 LEd2d 474 at 488( it is wrong to suggest that extrajudicial source is the only basis for recusal for the extrajudicial source is limited to §144 and to §455(b) and does not include §455(a).

The court held that judicial remarks, during the proceedings, derived from an extrajudicial source, that are critical, disapproving, or hostile MAY indicate bias requiring recusal but bias, critical, disapproving or hostile remarks derived from intrajudicial sources WILL indicate grounds for recusal when that source causes a deep seated favoritism toward the prosecution or a deep seated antagonism toward the defendant( Liteky citing Berger v US, 1921, 255 US 22 in which the judge expressed bias toward German-Americans)

§455(a) explores the attitude and the state of mind of the judge and the judge is required to recuse when the judge harbors an aversion, hostility, or negative disposition that cannot be set aside( Lietky, 127 LEd2d at 492).

§455(a) requires only a reasonable test. That is, whether a reasonable person, knowing all the facts, would conclude that the judge's decision is clearly erroneous based upon a bias, prejudice, unfairness, or deep seated favoritism or antagonism.

A personality, and character, profile can be formulated on Judge Marilyn Hall Patel based upon the testimony of her friends, associates, collegues, and family members.

These testimonies are published in 397 F Supp 2d on pages XLV to LXIII at the unveiling of the portrait ceremony of Judge Patel.

First and foremost, Judge Patel is an avowed feminist who not only supports feminism but is an energetic zealot in the advocacy and proselytization of feminism.

She cannot tolerate any challenge to the ideologies and principles of femminism and will abuse her position of authority to destroy anyone who challenges feminism.

Her close friends( if any ) are only those who are feminists or who supports femimism.

She supports, and is a defender of, male and female homosexuality and is a supporter of anyone who challenges Christianity and the Aryan culture and the Aryan race. She is the antithesis of Christianity and the teachings of Christianity as well as the Aryan race and the Aryan culture.

She has an over inflated ego in which she has an insatiable need for recognition and must always be in the center of attention.

She is authoritarian and opinionated and is angered at anyone who challenges her ideologies, principles, and philosophies and will abuse her position of authority to destroy the person.

She is a controller and a manipulator and will reject anyone from her inner circle of friends whom she cannot control, manipulate, or bring into submission to her feminist ideologies and related principles. This presents a major problem in her life because those who do not submit are relegated to becoming her objects of contempt. She is dominating and suffers from a passive-aggressive abnormality. That is, she will use passivity, simulated compassion, and other deceptions to further her goals and agendas.

This leaves people around her little choices. They must submit to her ideologies or commit suicide(in some form or another)to get away from her controlling,domination, and oppressive control.

She is impatient and intolerate of others who interfere with her timetable.

She is rebellious of anyone telling her what to do. She will not obey the decisions of the U.S. Supreme Court unless those decisions fit her own conclusions. She will not obey court orders from her superior court ( the Ninth Circuit) unless it fits with her own thoughts. For example, the Ninth Circuit gave her an order to dismiss a case against a defendant over which she had no personal jurisdiction (because the defendant was dead) and she refused to obey the order because it did not fit into her own principles.

However, she is intolerate of anyone else who is rebellious against authority. This would include members of her own family who would indicate individualism and would not conform to her expectation of what that person should be or do.

Testimony from her "friends" stated that "she is a true force to be reconed with" when one does not accept her ideologies or challenges her authority.

She became a judge because it fit with her goals and objectives of oppressing and destroying others who do not fit her image of what they should be. This is especially true of whie males and christians. Being a judge gives her perfect opportunity to inflict her femminist punishments upon the male population with impunity. Much like a person becoming a police officer in order to murder someone "legally."

She said " judges should not be timid nor fearful of inflicting an occasional whiplash or chronic pain" upon others.

She stated that she views each day as a day of revolution in which she can promote her anti-Christian and anti-Aryan feminist agenda.

She is energetic in the support of non-whites, atheists, homosexuals, and others who oppose the teachings of Christianity and the aryan culture but she has not defended the rights of a Christian or the rights of white people to claim their freedom.

She associates only in a clique and excludes others who do not share her femminist ideologies.

In this case, a reasonable person could only conclude that Judge Patel's decisions require recusal.

This motion for recusal is taken in good faith and an affidavit is attached attesting to the facts for the recusal.
Date: 1/15/2007

_____ In Pro Se
COY PHELPS    78872-011
FMC-Devens
P.O. BOX 879
Ayer, Massachusetts
      01432

## AFFIDAVIT TO SUPPORT MOTION FOR RECUSAL

I, Coy Phelps, certify under penalty of perjury, pursuant to 28 USC §1746, that I am the petitioner in this action and that I am the one making the statements made herein and that all of the statements are true and correct according to my best knowledge and belief.

1. Judge Patel knows that all lower courts are bound by the holdings of the U.S. Supreme Court (Hutto v Davis, 1982, 454 US 370)

    In my case, Judge Patel has refused to obey the clearly established laws of the Supreme Court

2. Judge Patel knows that the Supreme Court has held that involuntary civil commitments cannot be confined in any jail, prison, correctional institutition nor in any facility that is managed and operated as a penal institution nor in any facility that has a penal atmosphere, environment, or conditions of confinement(Jones v US, 1983, 463 US 354; McNeil v Director, Patuxent Institution, 1972, 407 US 245; Humphrey v Cady, 1971, 405 US 504.)

    Judge Patel had me confined in the Alameda County Jail at Oakland California for a year over the protests of my attorney arguing that such confinement was contrary to the constitution, Supreme Court decisions, and 18 USC §4243(e) which requires "hospitalization" into a mental, or psychiatric, hospital.
    Patel said," Oh... I'm not going to interfere with the marshal's housing arrangement."
    Because of her unlawful actions, I suffered a stroke which necessited four years of medical treatment and physical therapy.
    Because of her unlawful actions, I deteriorated physically, and mentally, which, in turn, caused a conflict between me and my attorney which, in turn, caused the attorney to withdraw from the case while in the middle of court proceedings.

3. Judge Patel knows that 18 USC §4243(e) requires "hospitalization" into a mental, or psychiatric, hospital if the insanity is continuing ( not temporary) and "severe" and the court must make a certificate, for the record, that the insanity is continuing and a certificate showing that the insanity is severe(US v Baker, 6C1986, 807 F2d 1315 at 1324 [1319)

    In 1997, Judge Patel stated for the record, that she had examined the entire record of the case.

    There was no mention of the fact that the record did not contain any certificate of continuing insanity and did not contain a certificate of severity.

4.  Judge Patel knows that the U.S. Suprem Court has held that civil commitments cannot be treated as convicted prisoners and cannot suffer incarceration nor be punished at all ( Jones v US, 1983, 463 US 354 at 356 and 369; DeShaney v Winnebago, 1989, 489 US 189 at 199 n.6; Youngberg v Romeo, 1982, 457 US 307 at 320 and n.27; Bell v Wolfish, 1979, 441 US 520 at 536 n.16; Ingraham v Wright, 1977, 430 US 651 at 669 n.37 and at 671-672 and at n.40.)

> Judge Patel has always treated me as if I were a convicted and sentenced prisoner and has punished me as a convicted prisoner.
> When I was temporarily released from the custody of the Federal Bureau of Prisons Patel imposed criminal probation conditions upon me knowing that probation is a punishment in and of itself( USSg, n.1, Chapter 5, Part B, Introductory Comments; US v Granderson, 1994, 511 US 39 at 43 ) and that probation conditions can only be imposed on the convicted as instructed by 18 USC :: 3551-3673 and 28 USC §§991-998( Affronti v US, 1955, 350 US 79 at 83.)
> In 2002, Patel issued an order committing me to the custody of the Federal Bureau of Prisons (as if I were a convicted prisoner being sent to prison under 18 USC § 3621(a)) However, Patel knows that I can only be placed into the custody of the Attorney General under 18 USC §4243(e) and then, it is up to the Attorney General to find a placement for confinement. Patel's court order is not only unlawful, but is also a nullity and prison officials who obey a court order that is a nullity is guilty of false imprisonment ( In Re Watkins,1830, 28 US 193 at 202
> The probation conditions required me to stay within the city limits of Lodi California, thusly, I have always suffered incarceration since 1985.
> There was no "probation" condition that prohibited me from proselytizing my sincerely held shared religious beliefs, political views, or philosophical ideologies
> Patel knows that under 18 USC §4243(f) she has no authority to impose her own release conditions because the task of formulating release conditions belongs to the doctors at the treating facility( US v McAllister, 8C2000, 225 F3d 982; US v Wood, 9C1993, 970 F2d 717, 995 F2d 894 at 896 ) and, under 18 USC §4243(f) Judge Patel can only approve, or disapprove, the release conditions formulated by the doctors.

5.  Judge Patel knows that the Supreme Court has held that every citizen has the absolute right to publish on the internet (Reno v ACLU, 1997, 521 US 344 ) and Patel knew that there were no release conditions that prohibited me from publishing my religious opinions on the internet.

In March of 2001, Patel ordered that I be arrested solely because of I exercised my first amendment right to express my Christian religious beliefs on the internet and she found the expressions offensive to her feminist principles.

The government admitted that none of the writings were unlawful... even though highly offensive.

Patel had me arrested on a blank arrest form. The form had no information in the blanks. There was no identifying name, no date, no signature, no charge, no address,.... nothing.

The affidavit to show probable cause was also deficient in that it merely stated " see attachment" and there was no attachment except five pages of my religious writings.

I was taken before Magistrate Zimmerman who examined all the "paperwork" and said " There's nothing in this paperwork to show me why this man is in my courtroom." When he ask," Did he commit a crime?" the prosecutor replied" No Sir." When ask "Did he violate any laws?" the prosecutor replied "No Sir." "Well... did he violate a probation or supervised release" Zimmerman ask. The prosecutor replied "No sir." " Then why is he here," Zimmerman ask. "Because Judge Patel had him arrested," the prosecutor said. " Well.... take him up to her court and let her handle it. I am not touching this case. I--AM--NOT--TOUCHING--THIS--CASE.

Zimmerman knew that the arrest was unconstitutional and did not want to get involved. He was also afraid of Judge Patel because of the abuse of her position of authority in controlling and dominating others and by manipulating others to take action agaist those who opposed her feminist agenda.

Magistrate Zimmerman did not provide me with any due process.  I was not charged with anything... I was not given any nature of charges or a Bill of Particulars, I was not given a bail hearing, a probable cause hearing, or anything else.

When I arrived at Judge Patel's court, she already had my Christian religious writing on her desk and she angrily waved the five pages in the air shouting "have you read this.... have you read this?" She was shouting to the spectators in the courtroom.

The five pages she was waving was the merits of the case and she had used the merits of the case to establish probable cause for the arrest knowing that it violated my rights to use the merits of the case for an arrest( US v Scuito, 7C1976, 531 F2d 842.)

Patel did not provide me with any due process. I was not arraigned.. I was not charged... I was not given any nature of charges or a Bill of Particulars, I did not have a bail hearing or a probable cause hearing or anything else.

Patel ordered that I be confined in the Alameda County Jail at Oakland California.

>About thirty days later, I received a copy of a letter that a probation officer had written to Judge Patel in response to an order she had given to him instructing him to throughly investigate me, and my background, in order to discover some criminal activity that she could use to make my arrest lawful by ex post facto application.
>
>The probation officer reported, in the letter, that he had diligently investigated me but was unable to discover any criminal activity that she could use to establish probable cause for the arrest.
>
>It was then that I discovered the reason for my arrest; Attempting to publish a Christian religious website on the Internet, without obtaining prior government approval.
>
>I challenged the charge alleging that it violated my first amendment protected rights. She changed the charge to "violation of probation." I challenged the charge as being unlawful and unconstitutional because I could not lawfully be placed on probation, thusly, I could not be violated for not obeying an unlawful condition. She then changed the charge to "violation of supervised release." I challenged the charge alleging that supervised release applied to only sentenced prisoners. She changed the charge to "violating terms of release" but did not specify any term that I had violated.
>
>I ask for a jury to hear the case as was my right under Humphrey v Cady, 1972, 405 US 504( Recommitment of mental patient requires a jury.)

6    Judge Patel vindictively caused my arrest because of my race (white), and because of my religion (Christian), and because I exercised my protected first amendment rights, and because of an arbitrary and capricious classification. Patel knew that such an arrest violated clearly established law and rights stated by the Supreme court in Reno v American Arab Anti Discrimination Committee, 1999, 525 US 471( Cannot arrest detain prosecute or imprison anyone because of race, religion arbitrary or capricious classification, or for exercising a constitutional right) US v Armstrong, 1996, 517 US 463 at 464(same). Wayte v US, 1985, 470 US 598 at 608 (Same); Bordenkincher v Hayes, 1978, 434 US 357 at 364( Same); Oyler v Boles, 1962, 368 US 448 at 456( Same); see also US v Bourgeous, 9C1992, 964 F2d 935( Same); Belmontes v Woodford, 9C2003, 335 F3d 1024(Same).

7.   Patel violated federal laws and manipulated the laws to her own advantage.

>I filed a notice of appeal and she deliberately changed the notice to an request for permission to file a certificate of appealability... and then denied the request.

I appealed that denial to the ninth circuit arguing that Patel committed plain error because the requirement to obtain a certificate of appealability did not apply to me because I am a civil commitment and the law ( 28 USC §2253 ) does not apply to civil commitments ( US v Buddell, 9C1999, 187 F3d 1137.)

I filed a habeas corpus action under 28 USC §2241 and she changed the action to a 28 USC §2255 motion that challenged a "sentence." I argued that it was plain error because §2255 applied to only sentenced prisoners and I was a civil commitment, so §2255 did not apply to me ( US v Buddell, 9C1999, 187 F3d 1137.)

I filed a §2241 habeas courpus challenging the legality of my confinement and she denied the action as being a " successive writ" under 28 USC 2244. I argued that §2244 did not apply to me in light of 18 USC §4247(g)( Habeas Corpus shall not be impaired in challenging the legality of confinement.)

Patel's actions were vindictive and contrary to law and was clear evidence of unfairness, partiality, and a deep seated antagnoism toward me, my Christian religion, and my Christian teachings. A judge who is not impartial causes a structural error in the proceedings( Tomey v Ohio, 1927, 273 US 510.)

I appealed the denial of the COA to the 9th Circuit and the 9th circuit upheld Patel's erroneous decision and ruled completely opposite in its prior holding in the Buddell case.

6. Judge Patel knows that 18 USC §4243(a) requires that I commit a crime before the statute can be applied to me.

In 1997, Dr. Mark Hazelrigg and Dr. Jean Zula sent a forensic report to Judge Patel recommending my releae because Dr. Hazelrigg had verified the facts that I had not committed the 1985 crimes for which I was charged.

Dr. Hazelrigg knew that the law could not be applied to me to keep me confined in prison when I did not commit any crimes.

Moreover, I had always claimed to have been framed into prison in a international conspiracy and that claim was the cause of being found insane.

Dr. Hazelrigg verified the fact that I had, indeed, been framed into prison in an international conspiracy. Thusly, I had never been mentally ill nor suffered from any delusions that would warrant confinement.

The doctors did not file a "certificate of recovery" because such would be inconsistent with their findings in that one cannot recover from that which one has not suffered. One cannot recover from the flu when one has not suffered with the flu. One cannot recover from a delusional mental illness when one has not suffered a delusional mental illness.

      Even though there was no certificate of recovery, judge Patel released me anyway even after examining all of the records several times.

      However, the release was reluctant because the doctors did not formulate any release conditions and she did not want me released unconditionally. She stated in court that she wanted to government to know where I was at all the time and what I was doing at all times BECAUSE OF MY RELIGIOUS BELIEFS, POLITICAL VIEWS, AND PHILOSOPHICAL IDEOLOGIES.

      Even before she released me( and imposed unlawful probation conditions on her own authority) she had me returned to prison for another evaluation to make sure the doctors wanted me release and to make sure that they did not formulate any release conditions.

      The doctors reported the same as before.... that I should be released because I had been actually innocent and because I had never suffered from a delusion... AND.... again... the doctors did not formulate any release conditions. Patel stated " I am so disappointed that they did not recommend any release conditions. I'm going to impose conditions anyway."

      Patel ordered me to be supervised by an unqualified probation officer who had no training, knowledge, skills, or experience in mental health and such was in violation of 18 USC §3602 which requires the probation officer to be qualified. Moreover, Her order violated 18 USC §4243(g) which states that the Director of the treating facility is responsible for supervising me in the community.

      42 USC §259(e) requires the Public Health Service to supervise me in the community.

## SUMMARY AND CONCLUSION

It was not until I read 397 F Supp 2d about the unveiling of the portrait of Judge Patel that I realized what had happen. I never was able to understand why Patel was so hostile toward me and had such a deep seated antagonism, nor could I understand why she was acting contrary to federal laws, clearly established Supreme Court decisions, and the decisions of her own circuit, to cause me to be imprisoned knowing that I had not violated any law, had not committed a crime, and had not violated any or her probation conditions.

I could not understand why the ninth circuit said " Phelps is not in prison because he violated a release condition. He did not, He is in prison because <u>we said</u> that he should be there."

The term "we said" puzzled me because it is used in the past tense to an appeal that was currently on review. It means the 9th circuit had discussed the issue with someone before the appeal was submitted to the court.

397 FSupp 2d cleared up the mystery.

Patel is an avowed zealot feminist. The chief judge of the ninth circuit court of appeals ( Schroder is also an avowed zealot feminist. Both Patel and Schroder have a deep seated antagonism toward anyone, or anything, that opposes feminism and will destroy anyone whom they consider a threat to their abnormal feminist ideologies.

Patel ruled against me in every matter solely because my Christian religion teaches against feminism and the oppression of Aryan men. Patel then called upon Schroeder( in a conspiracy) to uphold Patel's decisions as one sister feminist to another feminist sister. Notwithstanding Supreme court law and prior ninth circuit decisions to the contrary.

In this case, a reasonable person, knowing all of the above facts, would only conclude tha Judge Patel's actions require recusal and is clear evidence of unfairness, partiality, and a deep seated favortism toward the prosecution and a deep seated antagonism toward me, my race(Aryan), my religion(Christian) and my status.

This motion for recusal is taken in good faith.

DATE: 1/15/2008

_____ In Pro Se
COY PHELPS  78872-011
FMC-DEVENS
P.O. BOX  879
AYER, MASSACHUSETTS  1432