```
                    UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF CALIFORNIA
                           SAN FRANCISCO
                                 (
COY PHELPS                       ) Case No. CV  08 0103 MHP
         Petitioner              (
                                 )
       v.                        (    MOTION TO TAKE
                                 )    JUDICIAL   NOTICE
UNITED STATES OF AMERICA         (
         Defendant                )
                                 ( Date. 3/20/2008
```

FILED
08 MAR 27 PM 1:53

                   PLEASE TAKE NOTICE

of the attached published case of ECKER v US, DMass 2007, 527 FS2d 199 which is a case subsequent to ECKER v US, DMass 2006 424 FS2d 267.

In both cases, the legality of the Federal Bureau of Prisons to have custody of federal civil commitments was brought into question in light of 18 USC §4247(i) that does not provide for the confinement of civil commitments in any federal facility.



In 527 FS2d at 201, District Court Judge Nathaniel Gorton held

> Because [civil commitments] have not been
> convicted, and there is no charge pending
> against [them, the] custodial status with
> the BOP is troublesome from both a statutory
> and a constitutional perspective

and at page 203, Judge Gorton wrote

> [The[ continued.... detention under such
> circumstances poses Due Process concerns as
> does his continual civil commitment in a
> federal prison facility (underline added)

In 424 FS2d 267 Judge Gorton looked at the plain language of 18 USC §4247(i) and saw that there was no provision for confinement in any federal facility and ordered the U.S Attorney General to transfer the custody of Ecker to the State or release Ecker.

The State ( Massachusetts ) continued to refuse to accept custody of Ecker and, thusly, Judge Gorton, in 527 FS2d 199 ordered the release of Ecker. So too should the court release the Petitioner in this action.

18 USC §4243 requires "hospitalization" into a mental or psychiatric hospital and the appellant in this action has not been "hospitalized" as required by law. He has been "incarcerated" in federal prison when there is no statute that authorizes him to be confined in any federal facility.

The petitioner should be released from the custody of the Federal Bureau of Prisons immediately.

18 USC :4247(i) limits the options of the U.S. Attorney General in the confinement of the petitioner and the Attorney General did not exercise any of the options. He intentionally caused the petitioner to suffer incerceration in a federal penal facility.

DATE: 3/20/2008     _____ In Pro Se
COY PHELPS   78872-011
FMC-DEVENS
P.O. BOX  879
AYER, MASSACHUSETTS
          01432

ECKER v. U.S. 199
Cite as 527 F.Supp.2d 199 (D.Mass. 2007)

John Leonard ECKER, Plaintiff,

v.

UNITED STATES, Defendant.

Civil Action No. 01–11310–NMG.

United States District Court,
D. Massachusetts.

Nov. 21, 2007.

**Background:** After defendant was indicted for being a felon in possession of a firearm, he was found incompetent to stand trial by reason of mental illness and committed to the custody of the Attorney General, affirmed at 30 F.3d 966. Follow-

*Id.* Again, the First Circuit found that the district court did not abuse its discretion in dismissing with prejudice.

In contrast, in *United States v. Hastings*, the district court originally dismissed the charges without prejudice. 667 F.Supp. 888 (D.Mass. 1987). However, on reconsideration, the court found out that the prosecution had a policy of repeatedly withholding its automatic discovery responses. *Id.* at 895–96. The district court determined that this weighed heavily in favor of dismissing with prejudice and changed its original ruling. *Id.* at 900. The First Circuit, however, held that the district court improperly considered the discovery violation in its STA analysis. *United States v. Hastings*, 847 F.2d 920, 930 (1st Cir.1988). After weighing all of the proper STA factors, the First Circuit held that the district court was correct in its original ruling and the case should have been dismissed without prejudice. *Id.*

ing grant of motion to dismiss indictment, 424 F.Supp.2d 267, defendant moved for release from custody.

**Holdings:** The District Court, Gorton, J., held that:

(1) indictment was dismissed for reasons not related to incompetent defendant's mental condition, as would support release from custody;

(2) defendant's mental status would not create substantial risk, supporting his release; and

(3) defendant was entitled to conditional release.

So ordered.

### 1. Mental Health ⇐437

Indictment charging possession of firearm by convicted felon was dismissed for reasons not related to incompetent defendant's mental condition, as would support defendant's release from custody; facts warranting dismissal of the charges were that the sentence that would have been imposed had he been convicted of the charge would not have exceeded 15 years in prison, and that defendant had been incarcerated for more than 16 years. 18 U.S.C.A. § 4246(g).

### 2. Statutes ⇐206

It is a standard canon of statutory construction that surplusage is to be avoided.

### 3. Mental Health ⇐438

Detainee's mental status was not such that detainee's release, after 16 years of pretrial incarceration following determination that he was incompetent to stand trial, would create substantial risk, supporting his release from federal custody, where warden at federal prison in which detainee was held recommended detainee's conditional release. 18 U.S.C.A. § 4246(g).

### 4. Mental Health ⇐438

Detainee was entitled to conditional release from federal custody, with conditional period not to exceed six months, where detainee had been held in federal prison for more than 16 years following determination that he was incompetent to stand trial on charges of being a felon in possession of firearm, detainee was no longer dangerous as result of his mental status, and federal officials had no statutory or other authority for continued detention. 18 U.S.C.A. § 4246(g).

---

Roberto M. Braceras, Joseph F. Savage, Jr., Neil Thomas Smith, Goodwin Procter LLP, Boston, MA, for Plaintiff.

Mary Elizabeth Carmody, U.S. Attorneys Office, Boston, MA, Mary Jo Madigan, United States Attorney's Office, Minneapolis, MN, for Defendant.

### MEMORANDUM & ORDER

GORTON, District Judge.

The plaintiff, John Leonard Ecker ("Ecker") was originally arrested as a felon in possession of a firearm in 1989. The indictment against him was dismissed in March, 2006, presenting this Court with the vexatious problem of how to terminate his incarceration in a manner that is safe, prudent and lawful.

### I. *Background*

Upon Ecker's arrest in 1989, he was found to be incompetent to stand trial and was committed to the custody of the Attorney General pursuant to 18 U.S.C. §§ 4241 and 4246. In March, 2006, more than 16 years later, this Court noted that he had been incarcerated for longer than the likely sentence that would have been imposed

if he had been found guilty. Accordingly, this Court dismissed the indictment against him. Since that time, Ecker has applied for a transfer to Massachusetts, where he would be closer to his family, or, in the alternative, for an outright release. This Court has ordered the Attorney General to exert all reasonable efforts to arrange for the transfer of Ecker to the custody of the Commonwealth of Massachusetts but those efforts have, to date, been unsuccessful.

In the meantime, Ecker remains in the custody of the Federal Bureau of Prisons ("BOP") at the Medical Center for Federal Prisoners ("MCFP") in Springfield, Missouri. He is evaluated periodically by the medical staff at Springfield which produces a Risk Assessment Report ("RAR") after each such evaluation. The most recent RAR (dated October 2, 2007) was submitted to this Court with a cover letter from the Warden of MCFP Springfield dated October 25, 2007, in which the Warden recommended Ecker for "conditional release". In his letter the Warden informed this Court that the social services staff at Springfield was working to create a plan for Ecker's conditional release which plan would be submitted upon completion.

Because Ecker has not been convicted of any crime and there is no charge pending against him, his custodial status with the BOP is troublesome from both a statutory and a constitutional perspective. This Court is sensitive to the problem and to the danger that Ecker may pose to himself and to others if he is released unconditionally into the community. In an effort to resolve the conundrum, this Court has been patient with the government's attempts to secure state custody for Ecker but, in light of its unsuccessful and apparently ambivalent pursuit of such a transfer and particularly the recommendation arising from Ecker's latest RAR, the time has come for his release, conditional or otherwise.

## II. Analysis

### A. Legal Standards

The statutes that govern Ecker's confinement are 18 U.S.C. §§ 4246(e) and 4246(g). The particular circumstances of this case produce an unusual interaction between the two subsections, which will be addressed after they are analyzed individually.

#### 1. Section 4246(g): Release to state of certain other persons.

Section 4246(g) governs the treatment of prisoners against whom all charges have been dismissed, but who remain a substantial danger to the community if they are released. It provides that:

"If the director of a facility in which a person is hospitalized pursuant to this chapter certifies to the Attorney General that a person, against whom all charges have been dismissed for reasons not related to the mental condition of the person, is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, the Attorney General shall release the person to the appropriate official of the State in which the person is domiciled or was tried for the purpose of institution of State proceedings for civil commitment. If neither such State will assume such responsibility, the Attorney General shall release the person upon receipt of notice from the State that it will not assume such responsibility, but not later than ten days after certification by the director of the facility."

18 U.S.C. § 4246(g).

As a preliminary matter, it is significant that there is no state in which Ecker was

"tried", because he was never tried for the offense with which he was charged in 1989. Thus, the only state implicated by the subject statute is the state of his domicile, Massachusetts.

The questions as to whether, and how, this statute applies to Ecker's case are: (1) were the reasons for the dismissal of his indictment "not related to [his] mental condition" and (2) is he "presently suffering from a mental disease or defect as a result of which his release would create a substantial risk".

a. Dismissal of Ecker's Indictment

[1] For the reasons discussed herein, this Court concludes that Ecker's indictment was dismissed for reasons "not related to [his] mental condition". The facts warranting dismissal of the charge against Ecker are that (1) the sentence that would have been imposed by this Court had he been convicted of the charge would not have exceeded 15 years and (2) Ecker has been incarcerated for more than 16 years. In the event that a competent defendant were detained before trial on charges similar to those facing Ecker (felony possession as an armed career criminal) for a period longer than his likely sentence, this Court would dismiss that indictment as well.

This Court's Order entered March 17, 2006, dismissing the indictment, did refer to Ecker's "persistently incompetent state". 424 F.Supp.2d 267, 270 (D.Mass. 2006). It emphasized, however, the extraordinary duration of his pre-trial detention and the looming prospect of indefinite detention without trial in violation of Ecker's Fifth Amendment Due Process rights. See *Jackson v. Indiana*, 406 U.S. 715, 733, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972). It was for the latter reasons (and not the former) that the indictment was dismissed.

b. Legislative History of § 4246(g)

Although the drafters of § 4246(g) clearly did not contemplate sixteen years of "pretrial" confinement followed by a potentially indefinite period of federal civil commitment, the legislative history of the statute is, nonetheless, instructive. The prototypical case that the statute was intended to address is one in which the indictment was dismissed for lack of evidence but the defendant was, in any event, found to be dangerous. In such a case, the Senate Report notes that the prisoner must be released because

> the federal government would not have enough contacts with the person to justify continued federal hospitalization of a person if there were no federal offense involved to justify such hospitalization.

S.Rep. No. 225, 98th Cong., 2d Sess. 250, 253, reprinted in 1984 U.S.C.C.A.N. 3182, 3433. That statement reminds the Court that the "contacts" that may justify a prisoner's detention by the federal government must be related to the crime he is alleged to have committed. They cannot be arbitrarily expanded into concern for the general welfare in the event that the prisoner is released, however reasonable such concern may be.

In Ecker's case, even if the Court were to assume a conviction for the crime with which he was charged, it would not have imposed a sentence in excess of the time he has already served (now 18 years). The government thus has no penal interest in his continued confinement. As in a case of insufficient evidence, the government's desire to protect the general welfare does not justify maintaining custody over a prisoner who is otherwise entitled to be released.

[2] It is a standard canon of statutory construction that surplusage is to be avoided and thus the limitation of the reach of § 4246(g) to cases in which the indictment

was "dismissed for reasons not related to the mental condition of [the prisoner]" must serve some purpose. Although this Court has concluded that the subject statute is applicable to Ecker, it may not reach all prisoners against whom charges have been dropped. The plain meaning of that phrase suggests that for a prisoner against whom criminal charges have been dismissed by reason of the prisoner's mental condition is not within its purview. Thus, it applies to defendants whose incompetence is so clear and so permanent that the prosecution has no hope of ever proceeding. Rather than impose a requirement that such prisoners either be released on the spot or have their indictments linger for the sole purpose of justifying their detention, the statute affords a prosecutor the ability to dismiss such indictments while maintaining custody of the prisoner until other arrangements for their care can be made.

Ecker does not present such a case. His indictment was dismissed not solely because recovery of his competency was remote but rather because the combination of recovery, trial and conviction was inconsequential in light of the sentence that would have been imposed. His continued pretrial detention under such circumstances poses Due Process concerns, as does his continued civil commitment in a federal prison facility.

### c. Ecker's Present Mental Status

[3] Finally, it is apparent that § 4246(g) does not apply by its own terms because the Warden of MCFP Springfield now recommends that Ecker is ready for "conditional release". This Court construes that recommendation to be inconsistent with the belief that his conditional release poses a substantial risk of harm as contemplated by the statute. Thus even though § 4246(g) does not require Ecker's immediate release, it negates any argument by the government that Ecker is, in fact, too dangerous to be conditionally released.

If Ecker is a danger to the community, then the statute provides no alternative but to release him, either 1) to the custody of the state (Massachusetts) for civil commitment proceedings or 2) if the state refuses to conduct such proceedings, outright. These are the only two alternatives available to this Court because the charges against Ecker have been dismissed.

### 2. Section 4246(e): Discharge

For the treatment of prisoners deemed no longer to be dangerous if released, § 4246(e) provides that

> "when the director of the facility in which a person is hospitalized pursuant to subsection (d) determines that the person has recovered from his mental disease or defect to such an extent that his release would no longer create a substantial risk of bodily injury to another person or serious damage to property of another ... [t]he Court shall order the discharge of the person."

18 U.S.C. § 4246(e). The statute also describes the hearing procedure in the event that the government contests the determination. In this case, however, such an opposition would amount to a statement by the government that Ecker's release would pose a substantial risk of the kind described in § 4246(g). As discussed above, that section requires that the prisoner be released into the custody of the state for civil commitment proceedings, or be released outright, within ten days. There is thus no circumstance under which the hearing procedure described in the omitted portion of § 4246(e) would be required here.

### B. Application to Ecker's Case

[4] As discussed above, the Warden of MCFP Springfield has notified the Court

that the social services staff is working to prepare a plan of conditional release. When that plan is complete, this Court will review it to ensure that it is appropriate and then, accordingly, order Ecker conditionally released. If Ecker successfully completes the term of his conditional release, not to exceed six months, then his position will be that of any other federal prisoner at the end of a term of supervised release: he will be discharged from federal supervision.

The terms of Ecker's release will be such that only conduct suggesting that his mental condition renders him a continuing danger (e.g., renewed stalking behavior or failure to follow his prescribed course of medical treatment) will constitute a violation. In that event, his return to BOP custody will be deemed by this Court to constitute a certification by the Warden that Ecker's mental condition is such that his release creates a substantial risk as contemplated by § 4246(g). As discussed above, the Attorney General will then be required to release Ecker to the custody of the state of domicile (Massachusetts) for civil commitment proceedings or, if Massachusetts refuses to exercise such responsibility, to release him outright.

The Court has reviewed the letter from Warden Gunja of MCFP Springfield to Mr. Poleski of the Massachusetts Department of Mental Health ("DMH") dated June 1, 2007 (Exhibit Y to Docket No. 11), in which Warden Gunja proposes two options for the assumption of state control over Ecker's care. Although the Court is aware that both options were rejected by the DMH and is sensitive to DMH's concerns, for whatever guidance it is worth, the second, more detailed plan outlined by Warden Gunja appears to the Court to be a workable plan of conditional release.

All parties should be fully aware that notwithstanding the unorthodox posture of this case, this Order does not reward Ecker for any future misconduct. Although it is true that he will, if he violates the terms of his conditional release, be discharged from federal supervision, the result will be that he will be subject to state civil commitment proceedings that may result in his permanent, high security commitment in order to protect the general welfare.

### ORDER

In accordance with the foregoing, it is hereby ORDERED, ADJUDGED, and DECREED that:

1) the Warden of the Medical Center for Federal Prisoners at Springfield, Missouri shall, on or before January 22, 2008, submit to this Court a proposed program for the conditional release of the plaintiff, John Leonard Ecker;

2) such program may, in the judgment of the Warden and his staff, prescribe residence at an appropriate facility of their designation for a period not to exceed six (6) months; and

3) the conditions placed on Mr. Ecker's conditional release shall be intended to regulate his conduct to the extent necessary to ensure that he will not become a substantial risk to the community.

So ordered.



COY PHELPS 78872-011
FMC-DEVENS
P.O. BOX 879
AYER MASSACHUSETTS
01432

Special Mail

9410243661

MAP

Clerk U.S. District Court
450 Golden Gate Ave
San Francisco California
94102

CENTRAL MA 015
25 MAR 2008 PM 1 L



Date:

The enclosed [illegible] has passed through
[illegible] mailing [illegible] forwarding to
you. The letter has [illegible] been opened no
inspected. If the writer [illegible] a question or
problem over which this facility has
justification, you may wish to return the
material for further information or clarification.
If the writer encloses correspondence for
forwarding to another addressee, please
return to the enclosure to
Federal Medical Center
Devens, Massachusetts 01432