UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

COY PHELPS,

        Plaintiff,

    v.

UNITED STATES OF AMERICA; et al.,

        Defendants.
                                     /

No. C 08-103 MHP (pr)

**ORDER OF DISMISSAL**

    Coy Phelps filed a pro se "petition for release from civil confinement."  This matter is now before the court for review of the petition, as well as a motion for recusal filed by Phelps.  The recusal motion must be addressed first.

A.    Recusal Motion

    Recusal is the process by which a federal judge may be disqualified from a given case.  Motions to recuse a district court judge are governed by two statutes, 28 U.S.C. § 144 and § 455.  Section 144 applies only to district court judges but section 455 applies to all federal judges.

    Section 144 provides for recusal where a party files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party.  The affidavit must state the facts and reasons for such belief.  See 28 U.S.C. § 144.  A judge finding the motion timely and the affidavits legally sufficient must proceed no further and another judge must be assigned to

1  hear the matter.  See id.; United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980).  If the
2  judge finds the affidavits are not legally sufficient, recusal is simply denied.  See 28 U.S.C. §
3  144; United States v.$292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995)
4  (affidavit inadequate when based on mere conclusory allegations).  The affidavit is not
5  legally sufficient "unless it specifically alleges facts that fairly support the contention that the
6  judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial
7  source."  Sibla, 624 F.2d at 868.

8        The current motion for recusal is not Phelps' first.  He filed a recusal motion in Phelps
9  v. Anti-Defamation League of B'Nai B'Rith, Case No. C 04-2815 MHP, and another one in
10 Phelps v. Bornstein, Case No. C 05-2405 MHP.  Both were denied.  The current motion is
11 much like the earlier ones in that it alleges that the undersigned has ruled against Phelps as a
12 result of a personal bias.  The earlier motions framed the alleged bias slightly differently
13 (arguing the undersigned is biased against Phelps because she is a "Zionist Jew"), while the
14 current motion changes focus slightly and urges that the bias is  against "Christianity as well
15 as the Aryan race and the Aryan culture."  Motion, p. 4; cf. Petition for release, p. 3 (Phelps
16 asserting "he was being framed into prison by an international Jew conspiracy").  The other
17 new angle is that Phelps has found a transcript of statements made at an October 26, 2004
18 celebration and tribute to the undersigned on the occasion of the dedication of her portrait
19 and completion of her term as chief judge of this district.  See 397 F.Supp.2d at XLV - LXII.
20 Phelps asserts that, from the remarks at that tribute, a "personality, and character, profile" can
21 be formulated for the undersigned. Motion For Recusal, p. 3.  He asserts that the transcript
22 from the tribute "cleared up the mystery" for him as to why he has not prevailed: the
23 undersigned and Judge Schroeder, the former chief judge of the U.S. Court of Appeals for
24 the Ninth Circuit, are "avowed zealot feminist[s]" and "have a deep seated antagonism
25 toward anyone, or anything, that opposes feminism and will destroy anyone whom they
26 consider a threat to their abnormal feminist ideologies.  Patel ruled against me in every
27 matter solely because my Christian religion teaches against feminism and the oppression of
28 Aryan men." Affidavit, p. 7.  The actual statement by Judge Schroeder that apparently led to

2

1   this "profile" was: "And I know that we have come from a similar feminist tradition.  We
2   share the same values." 397 F. Supp.2d at XLIX.
3       Plaintiff's affidavit is deficient in that it does not specifically allege facts that fairly
4   support the contention that the undersigned exhibits bias or prejudice directed toward a party
5   that stems from an extrajudicial source.  See Sibla, 624 F.2d at 868.  From the mere
6   statement that two judges are feminists, it cannot be rationally concluded that one or both
7   rules against him "solely because [his] Christian religion teaches against feminism and the
8   oppression of Aryan men."  Affidavit, p. 7.  See Feminist Women's Health Center v.
9   Codispoti, 69 F.3d 399 (9th Cir. 1995) (Noonan, J.) (order denying recusal motion premised
10  on judge's religion).  Because plaintiff's motion for recusal is legally insufficient under § 144,
11  it need not be referred to another judge and is DENIED.
12      The motion also fails under 28 U.S.C. § 455, which provides broader grounds for
13  disqualification, requiring a judge to disqualify herself in any proceeding in which her
14  impartiality might reasonably be questioned.  See 28 U.S.C. § 455(a).  Unlike § 144, § 455
15  has no provision for referral to another judge; rather, the judge at whom the motion is
16  directed must determine whether bias or prejudice is shown.  See Sibla, 624 F.2d at 868.
17  Judicial rulings alone may constitute grounds for appeal, but almost never constitute a valid
18  basis for a bias or lack of impartiality motion.  See Liteky v. United States, 510 U.S. 540,
19  555 (1994); Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999).   Recusal is
20  appropriate where a "reasonable person with knowledge of all the facts would conclude that
21  the judge's impartiality might reasonably be questioned." Yagman v. Republic Ins., 987 F.2d
22  622, 626 (9th Cir. 1993) (citation omitted).  Here, that hypothetical reasonable person
23  knowing all the facts would know the following about the maker of the recusal motion that
24  put in context his assertion that the adverse rulings have been due solely because of his
25  religious beliefs: Phelps' many court filings express an extreme hatred of Jews, Phelps'
26  filings evidence his belief that all persons who do not agree with his viewpoint disagree
27  based only on their Jewish sympathies (which are now characterized as anti-Christian
28  beliefs), Phelps planted pipe bombs at three Jewish facilities (plus two other sites) in 1985,

3

Phelps has been institutionalized for most of the last twenty years following a jury's finding that he was not guilty only by reason of insanity, and Phelps has published materials expressing his extreme hatred of Jews. That hypothetical reasonable person would also know that Phelps has never had the jury verdict or order of commitment set aside despite numerous efforts to do so, Phelps has filed over 150 actions in federal courts in the last two decades and has prevailed in very few (if any) of those actions filed in various district and appellate courts and handled by various judges, and that the court records flatly contradict Phelps' assertions regarding Dr. Hazelrigg's alleged statement that Phelps is innocent. That hypothetical reasonable person also would know that Phelps has not identified a single actual statement of bias but instead can identify only judicial rulings and relies on the faulty logic that repeated adverse rulings must flow from bias. Knowing all those facts and reading Phelps' recusal motion would not cause that reasonable person to conclude that the judge's impartiality reasonably could be questioned.

B.      <u>Petition For Release</u>

Phelps commenced this action by filing a "Petition For Release From Civil Commitment." The petition challenges Phelps' 1986 commitment upon a finding of not guilty by reason of insanity, his placement/hospitalization, his diagnosis, his return to custody in 2001, and well as his continued detention. Phelps also claims an entitlement "to petition the court every 180 days under 18 U.S.C. § 4243/4247." Petition, p. 1. He also refers to this action as a "habeas corpus action." Petition, p. 3.

Phelps' petition for his release under 18 U.S.C. § 4243 is DENIED. The certification required in the first sentence of § 4243(f) has not been filed. As the court earlier told Phelps, such a certification is necessary. <u>See</u> Order of Dismissal, p. 3, in <u>Phelps v. United States</u>, No. C 04-1484 MHP; <u>see</u> <u>United States v. Phelps</u>, 283 F.3d 1176, 1183-84 (9th Cir. 2002).

The petition for release fares no better if the court construes it to be a petition for writ of habeas corpus asserting a challenge under § 4243 or § 4247. As the court explained in its Order of Dismissal in <u>Phelps v. United States</u>, C 04-4192 MHP, a new habeas petition cannot be filed in this court unless and until Phelps first obtains from the United States Court of

4

Appeals for the Ninth Circuit an order authorizing this court to consider his second or successive petition. See 28 U.S.C. § 2244(a) and § 2255. Phelps previously filed petitions for writ of habeas corpus concerning his placement in the Bureau of Prisons system and the application of 18 U.S.C. § 4243 to him. See, e.g., Phelps v. U.S. Federal Government, 15 F.3d 735 (8th Cir. 1994) (affirming denial of Phelps' third habeas corpus petition challenging 18 U.S.C. § 4243 and 4247 as an abuse of the writ); Phelps v. United States Bureau of Prisons, 62 F.3d 1020, 1022-23 (8th Cir. 1995) (affirming denial of "habeas motion" that challenged the suitability of facility in which Phelps was placed pursuant to 18 U.S.C. § 4243); Phelps v. United States, 831 F.2d 897 (9th Cir. 1987) (affirming denial of Phelps' habeas petition challenging constitutionality of 18 U.S.C. §§ 4243 and 4247).

More importantly, as the court explained in its Order of Dismissal in Phelps v. United States, C 04-4192 MHP, and Order of Dismissal in Phelps v. United States, No. C 04-1484 MHP, habeas is not the appropriate way to seek release under 18 U.S.C. § 4243 in light of the Ninth Circuit's published opinion in Phelps' criminal case. See United States v. Phelps, 283 F.3d 1176 (9th Cir. 2002). Phelps appealed the dismissal in Case No. C 04-4192 MHP; the Ninth Circuit affirmed the dismissal, specifically noting that this court's interpretation of the published opinion in Phelps was correct. See Phelps v. United States, Ninth Cir. Case No. 04-16707 (Feb. 7, 2005 memorandum decision).

Phelps requests that the court take judicial notice of two cases: Ecker v. United States, 527 F.Supp.2d 199 (D. Mass. 2007), and Ecker v. United States, 538 F.Supp.2d 331 (D. Mass. 2008). The requests are GRANTED in that the court judicially notices that the decisions exist. The court also has read Ecker v. United States, 489 F.Supp.2d 130 (D. Mass. 2007), cited by Phelps in his notice to correct error in the request for judicial notice. The Ecker cases are unhelpful for three reasons. First, the Ecker plaintiff is in a very different situation from Phelps in terms of his criminal case. Ecker had been found mentally incompetent to stand trial and had been in custody over 18 years without having been tried, convicted or sentenced, and the indictment had recently been dismissed. See Ecker, 538 F.Supp.2d at 336. By contrast, the indictment against Phelps was not dismissed, Phelps had

1 a trial, and Phelps was adjudicated not guilty only by reason of insanity.  Second, the
2 evaluation of the Ecker plaintiff's mental condition was very different from that of Phelps.  A
3 Risk Assessment Panel at the facility at which Ecker was housed decided that Ecker no
4 longer required inpatient care and recommended him for conditional release; the warden had
5 "constructively certified that Ecker's conditional release does not pose a substantial risk to
6 the community."  Id. at 336.  By contrast, there has been no such certification for Phelps.
7 The most recent Risk Assessment Panel report for Phelps found him not suitable for release.
8 See United States v. Phelps, CR 85-899 MHP (docket # 513).  Third, the Ecker decisions
9 were from a district court from another circuit and have no binding precedential effect in the
10 Ninth Circuit, even if they were on point.  The Ecker decisions do not affect the analysis of
11 Phelps' cases.

12      For the foregoing reasons, (a) the motion for recusal is denied (docket # 2), (b) the
13 requests for judicial notice are granted (docket # 3, # 5), and (c) the petition for release is
14 denied.  This action is dismissed without prejudice to Phelps filing a petition for writ of
15 habeas corpus in this court if he ever obtains the necessary order from the United States
16 Court of Appeals for the Ninth Circuit.  The clerk shall close the file.

17      IT IS SO ORDERED.

18 Dated:  June 17, 2008

                                         Marilyn Hall Patel
19                                          United States District Judge